UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AT&T CORP.,<br>Plaintiff,<br><br>v.<br><br>ROBERT G. STOCKARD and<br>RICHARD E. CLARK,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2003 JUL 21  P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.

03 CV 11377 RCL

MAGISTRATE JUDGE Collings

RECEIPT # 49101
AMOUNT $ 150 —
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-21-03

**COMPLAINT**

Nature of Action

1.  This is an action for the recovery of monetary damages arising out of the Defendants' fraud and conspiracy, whereby the Defendants knowingly and intentionally caused their corporation, Salience Associates, Inc., to issue dramatically overstated invoices to AT&T Corp. for the purpose of fraudulently inducing AT&T Corp. to make substantial overpayments to Salience Associates, Inc. As set forth more fully herein, the Plaintiff seeks monetary damages from the Defendants, in connection with the overpayments caused by the Defendants' deliberate and unlawful actions, totaling in excess of $3 million, made to date to Salience under the contract.

Parties

2.  The Plaintiff, AT&T Corp. ("AT&T"), is a corporation duly organized under the laws of the State of New York, having a usual place of business in Bedminster, New Jersey.

3.  The Defendant, Robert G. Stockard ("Stockard"), is an individual residing at 35 Proctor Street, Manchester, Massachusetts 01944. Stockard is, among other things, the

President of Salience Associates, Inc. ("Salience"), a corporation organized under the laws of the Commonwealth of Massachusetts, having a usual place of business in Andover, Massachusetts, and a principal shareholder of Salience.

4.    The Defendant, Richard E. Clark ("Clark "), is an individual residing at 27 Hickory Lane, Windham, New Hampshire 03087.  Clark is, among other things, the Chief Financial Officer of Salience.

### Jurisdiction and Venue

5.    This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1332, as there is diversity of citizenship between the parties and an amount in controversy in excess of $75,000.

6.    Venue is appropriate in this district, pursuant to the provisions of 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in this district.

### Underlying Facts

A.    The Marketing Services Agreement by and between AT&T and Salience

7.    On or about February 20, 2000, AT&T and Salience entered into an agreement pursuant to which Salience was appointed as AT&T's agent to market a variety of AT&T network services in a number of key metropolitan areas in the United States to end-user customers, in accordance with the terms and conditions of the agreement.  The initial term of the agreement was to run through February 20, 2002.  The agreement was thereafter twice renewed by amendment of the parties, with the present term scheduled to run through December 31, 2003.  The original agreement, together with the amendments thereto, are collectively appended hereto as Exhibit 1 and are hereafter referred to as the "Agreement."

2

8.      Pursuant to the Agreement, AT&T agreed to pay Salience, as full
compensation for the marketing of network services under the Agreement, commissions and
monthly payments computed pursuant to a rate schedule set forth in Attachment D to the
Agreement.  Further pursuant to the Agreement, Salience was to bill AT&T each month based
upon anticipated revenues due under the Agreement, but the figures were then to be
reconciled based upon actual customer business successfully solicited for AT&T network
services.

B.      Stockard and Clark's Involvement in Causing Salience to Overstate Its Bills to AT&T

9.      Upon information and belief, Salience field personnel provided monthly
projections to Stockard and Clark that were to be used in developing the pre-bills for
Salience's anticipated revenues, which were to then be provided to AT&T and would establish
the basis for AT&T's payment to Salience.

10.     Upon information and belief, Stockard and Clark disregarded Salience
personnel's monthly field projections, and caused Salience to issue inflated invoices to AT&T,
for the purpose of inducing AT&T to rely thereon by making payment of such overstated
invoices to Salience.

11.     Upon information and belief, from about November 2002 through May 2003,
Stockard and Clark caused Salience to submit inflated and unjustifiable monthly pre-bill
invoices to AT&T, which were then paid by AT&T in accordance with the Agreement.   True
and accurate copies of the monthly pre-bill invoices are collectively appended hereto as
Exhibit 2 and are hereafter referred to as the "Invoices."

12.     The overpayment situation became more serious in 2003, as Salience
continued to invoice AT&T for amounts in excess of the amounts properly due under the

Agreement. As of May 2003, the overpayments from AT&T to Salience had aggregated in excess of $3 million.

13.     Upon information and belief, Salience field personnel informed Stockard and Clark that the field projections would not, and did not, support the pre-bill estimates Stockard and Clark had caused to be created.

14.     Upon information and belief, the monthly projections provided by Salience field personnel to Stockard and Clark were patently and unreasonably disproportionate to those figures Stockard and Clark caused to be created before pre-billing AT&T.

C.     Salience's Performance and Use of the Monies Overpaid under the Agreement

15.     Salience failed to meet the quotas set forth in the Agreement, notwithstanding the fact that Stockard and Clark caused Salience to regularly bill AT&T in amounts misrepresenting that the quotas would be met.

16.     Salience received substantial payments from AT&T pursuant to the Invoices created under the direction of Stockard and Clark. Because, however, Stockard and Clark's pre-bill estimates were amounts far in excess than the amounts Salience produced via sales, and, thus, was entitled to under the Agreement, Salience was grossly overpaid under the Agreement.

17.     Upon information and belief, Stockard and Clark authorized and caused Salience to use the AT&T overpayments to fund Salience's overall business operations.

18.     Salience has failed to reconcile the $3 million overpaid by AT&T, pursuant to Stockard and Clark's improper Invoices.

4

D.   Action by AT&T Against Salience and Bankruptcy Filing by Salience

19.   On June 2, 2003, AT&T filed suit against Salience in the United States District Court, District of Massachusetts, C.A. No. 03-11050 RCL, seeking monetary damages and injunctive relief arising out of Salience's then anticipated, and now effectuated, breach of the Agreement.

20.   On or about June 18, 2003, the parties entered a Stipulated Order ("Order"), whereby Salience agreed to, among other things:

a.   be enjoined from hypothecating, selling, conveying, transferring or encumbering any of its assets, other than in the ordinary course of business, and other than for fair value;

b.   engage in a refinancing of its assets to a third party institution in a commercially reasonable and prudent manner, if it so elected, provided, however, that it gave prompt notice to AT&T, following the closing on the refinancing, of the terms and conditions of such refinancing; and

c.   provide AT&T, through its counsel of record, monthly financial statements and balance sheets for each month from and after June 2003, within one week of the end of June 2003.

21.   On or about July 14, 2003, Salience filed under Chapter 7 of the United States Bankruptcy Code, with the United States District Court, District of Massachusetts.

22.   Salience now appears to be defunct, on information and belief, having closed virtually all of its business operations.

5

### Count I:  Fraud

23.     Paragraphs 1-22 are incorporated herein and made a part hereof.

24.     Upon information and belief, Stockard and Salience intentionally caused Salience to tender the Invoices to AT&T for amounts allegedly due under the Agreement, fully knowing that such amounts were overstated and in order to induce AT&T to pay sums to Salience not properly due.

25.     In reliance upon the Invoices, which reliance was reasonable, AT&T made substantial overpayments to Salience.

26.     As a direct and proximate result thereof, AT&T has sustained substantial monetary injury.

### Count II:  Civil Conspiracy

27.     Paragraphs 1-26 are incorporated herein and made a part hereof.

28.     Upon information and belief, Stockard and Clark, by words and/or conduct, knowingly agreed and conspired to unlawfully defraud AT&T of monies under the Agreement, and each engaged in overt acts  in furtherance thereof.

29.     AT&T has suffered and will continue to suffer substantial monetary damages as a result of Stockard and Clark's conspiracy.

### Count III:  Unfair and Deceptive Business Practices (Mass. G.L. c. 93A)

30.     Paragraphs 1-29 are incorporated herein and made a part hereof.

31.     At all times relevant hereto, the Parties hereto were engaged in business and commerce within the meaning of Mass. G.L. c. 93A, §§ 2 and 11.

32.     The Defendants' conduct as set forth above took place principally in the Commonwealth of Massachusetts.

5.7.7.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5.5

33. By virtue of their improper Invoice development and billing practices, Stockard and Clark have committed unfair and deceptive practices in trade and commerce, in violation of Mass. G.L. c. 93A, §§ 2 and 11.

34. The Defendants' violations of Chapter 93A were knowingly and willfully committed.

35. As a direct and approximate result thereof, AT&T has suffered a substantial injury.

## Prayers for Relief

WHEREFORE, AT&T respectfully requests that this Court:

1. Enter judgment in favor of AT&T for all money damages proven under Counts I, II of the Complaint, together with interest, costs and attorneys' fees.

2. Enter judgment in favor of AT&T for all money damages proven under Count III of the Complaint, treble those damages proven, and further award interest, costs and attorneys' fees.

3. Award such other relief as may be deemed just and appropriate.

Respectfully submitted,

AT&T CORP.
By Its Attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
PERKINS, SMITH & COHEN, LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106
617.854.4000

Date: July __, 2003
3049-166(#3) Ind.Complaint.doc

7